IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00384-PAB-NYW

ALEXANDER JAY RUBIN, M.D.,

    Plaintiff

v.

THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK,

    Defendant

---

## STIPULATED PROTECTIVE ORDER
---

Upon a showing of good cause, and to encourage and foster the free flow of documents and information in the above-referenced matter, IT IS ORDERED:

1. The Parties have sought, or anticipate seeking, from one another or from third parties, discovery that includes documents or other confidential information that, if disclosed, could result in damage to the Parties or third parties. The Parties desire to keep this information confidential, while at the same time permitting full and fair discovery.

2. Therefore, when producing documents or providing information, or within fifteen business days after the production of documents by third parties in response to a subpoena or otherwise, the Parties may designate the portions of any document or information so produced as "Confidential," if, <u>after review and certification by counsel of record,</u> in good faith they believe the designation appropriate because the portions of documents so designated contain information that is (i) a trade secret, (ii) proprietary, (iii) commercially sensitive, and/or (iv) private or personal and subject to the protection of a statute providing for protection of such

information. Documents and information marked as Confidential shall only be used, shown and disclosed as provided in this Agreement. A party's designation of any document as Confidential is not determinative of its actual confidential status, but unless or until a designation is challenged, the documents designated as Confidential shall be treated as confidential for all other uses. Designations of Confidential information and documents shall be subject to the following additional conditions:

    a. Confidential information shall not include any information that has not been previously treated as confidential by the designating party or the party which produced the documents or information, which is available from third parties who are not subject to restrictions on the use of the documents or information, the disclosure of which is privileged under applicable law, or which is available from public sources;

    b. All documents produced by a party designated as Confidential by that party shall be bates-labeled as "Confidential;" and

    c. A recipient of information hereunder will have no obligation with respect to any portion of any written material which is not designated as Confidential in the manner set forth above.

3. As used herein, the word "document" shall have the broadest meaning given to that term and shall include, without limitation, originals and all non-identical copies of all written, printed, typed, stamped, impressed, photographic, phonographic, tape recorded, computer generated, or computer readable material of any kind whatsoever.

4.      The portions of any documents, affidavits and transcripts which quote from or contain copies, excerpts or compilations, in whole or in part, of the Confidential documents shall also be treated as confidential in the same manner as the Confidential documents.

5.      The Parties shall limit the review of any documents so designated, the information contained therein, or any other disclosed Confidential information, only to (a) the Parties, including officers or directors of any corporate Parties; (b) the Parties' counsel, in-house counsel, and paralegals, assistants, and other employees or staff of the Parties' counsel and in-house counsel; (c) the Court and its staff; (d) consultants, experts or actual or potential fact witnesses retained by the Parties in connection with this matter; (e) persons designated by written agreement of the Parties or further order of the Court; and (f) court reporters before whom proceedings are conducted in this matter.

6.      To the extent that any of the Parties wish to use Confidential documents or Confidential testimony as an exhibit to a filing with the Court prior to trial <u>and seeks to restrict such document from public access</u>, ~~the exhibit containing the Confidential Document or Confidential Testimony must be filed under seal pursuant to the~~ <u>the Parties will follow the</u> applicable rules of this Court, <u>including D.C.COLO.LCivR 7.2 in seeking restrict of any document and/or information</u>.

7.      A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen business days after the time the notice is received, the party contesting the designation may file a motion for an order vacating any designation of confidentiality. However, unless so ordered, all documents and other materials designated as Confidential shall remain subject to all terms herein. In the case of any motion challenging the designation of

documents or information as Confidential, the burden of proof shall be on the party who has designated the documents or information at issue as Confidential.

8. Failure to designate documents and other materials as Confidential when initially produced shall not constitute a waiver of the right to later designate it or the information therein contained as Confidential, so long as the disclosing party's counsel contacts the opposing counsel within a reasonable time from the disclosure. The receiving party's disclosure of the documents or other materials or its contents during such intervening time period shall not constitute a violation of this Protective Order.

8. At the conclusion of the litigation and any appeals, all "Confidential" materials shall be destroyed or returned to the producing party. Notwithstanding the foregoing, counsel for the Parties may keep one copy of any Confidential materials and any copies of Confidential materials upon which counsel have placed attorney work product after the conclusion of the litigation in accordance with any applicable record retention requirements, regulations and/or laws. However, every provision of this Protective Order shall survive the conclusion of this litigation and apply to any such Confidential materials kept by counsel pursuant to this paragraph.

9. By production of any Confidential materials, no party will be deemed to have waived any claims of privilege or confidentiality that it may have with regard to any such materials or any portion thereof.

10. This Protective Order shall not prohibit any party from responding to any court order, from responding to any valid and enforceable subpoena in any court or arbitration proceeding, or from responding to a valid request for documents or information by a

governmental agency or self-regulatory organization. Each of the Parties shall notify the other party promptly upon receipt of any subpoena or other legal process that calls for disclosure of any Confidential document and other material produced hereunder.

11. This Protective Order may be executed by the Parties and/or their counsel in counterparts, through original signatures or signatures transmitted by facsimile or electronic mail, and the individually executed counterpart shall constitute a single original document. Any party may move for modification of this Protective Order at any time for good cause shown.

BY THE COURT:

s/ Nina Y. Wang
~~District Court~~ United States Magistrate Judge

| By: s/ Thomas L. Roberts<br>Thomas L. Roberts<br><br>ATTORNEY FOR PLAINTIFF | By: s/ Cyd Hunt<br>Cyd Hunt<br><br>ATTORNEY FOR DEFENDANT |
|---|---|